11-0731-cv
AK Tournament Play v. Town of Wallkill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:  RALPH K. WINTER,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

AK TOURNAMENT PLAY, INC., AL OTTO,
                    *Plaintiffs-Appellants*,

        v.                                    No. 11-0731-cv

TOWN OF WALLKILL, EUGENE JACQUES,
Individually and in His Capacity as Building Inspector
for the Town of Wallkill, WALTER BARRETT,
Individually and in His Capacity as Assistant Building
Inspector for the Town of Wallkill, JOHN WARD,
Individually and in His Capacity as Supervisor for the
Town of Wallkill,
                    *Defendants-Appellees.*

_____

FOR APPELLANTS:      Jeffrey A. Hoerter, Law Offices of Thomas M. Gambino & Associates, P.C., Poughkeepsie, NY.

FOR APPELLEES:       Steven C. Stern, Sokoloff Stern LLP, Westbury, NY.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants AK Tournament Play, Inc., and Al Otto ("plaintiffs") appeal from the district court's dismissal of their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579 (LAP), 2011 WL 197216 (S.D.N.Y. Jan. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). "In conducting this review, we draw all reasonable inferences in [p]laintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief. We are not, however, bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted).

On appeal, plaintiffs argue that the district court erred in refusing to afford their poker games some level of First Amendment protection. Plaintiffs' games of "tournament style Texas Hold-Em Poker," they contend, amount to "a form of protected expression" and protected assembly.

At least on the record before us, we cannot agree.  Even assuming arguendo that there might be *some* circumstances under which a poker club's activities could involve sufficiently expressive or political content to merit protection under the First Amendment, plaintiffs' conclusory and vague complaint fails to set out facts from which a court could draw that conclusion here.  Plaintiffs allege no more than that they engaged in social gambling.  Such activities, even if not violative of state law, are subject to regulation without the heightened scrutiny applied to governmental action affecting First Amendment-protected speech or assembly.  Accordingly, the district court was correct to dismiss plaintiffs' complaint for failure to state a claim.

We have considered plaintiffs' other arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court